NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DARRELL L. PADGETT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-016-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JEFF GRONDOLSKY, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Darrell L. Padgett, an individual currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, together with a motion to proceed *in forma pauperis*. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970). For the reasons to be discussed below, the petition will be denied and the matter dismissed.

CLAIMS

The Petitioner attacks his sentence as being illegal, claiming that it was imposed in violation of his rights to due process under the Fifth Amendment and to trial by jury under the Sixth Amendment.

FACTUAL ALLEGATIONS

The Petitioner alleges that, on October 31, 1991, in the federal district court in Bluefield, West Virginia, a jury convicted him of four drug offenses. On January 30, 1992, he was sentenced to 450 months' incarceration. His conviction and sentence were affirmed in 1993. *See United States v. Padgett*, 981 F.2d 1252 (4th Cir.), *cert. denied*, 507 U.S. 979 (1993). He later filed a motion with the trial court to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. §2255. That motion was denied, and the Fourth Circuit again upheld the district court's decision. *United States v. Padgett*, 67 F.3d 298 (4th Cir. 1995).

On January 12, 2005, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), upon which the Petitioner relies. One year later, the Petitioner filed the instant petition claiming to come under the *Booker* rationale and complaining that the trial court enhanced his sentence based upon its own determinations that he had distributed at least 150 grams of cocaine base; the offense occurred in a protected area; the buyer was under-aged; the Petitioner was an organizer or leader of a group of five or more participants in the crimes; and he possessed a gun during the commission of the offense.

Because the Petitioner asserts that the trial court enhanced his sentence and thereby violated his rights in the same manner condemned in *Booker*, he contends that he "is actually innocent of the sentencing enhancements," his sentence is illegal, and he is entitled to have his conviction and sentence vacated. In addition, the Petitioner argues that because he is actually innocent of the enhancements after *Booker* and because a successive §2255 motion to bring that

claim is barred by statute, he is entitled to obtain relief from this Court under its §2241 jurisdiction, under the terms of the "savings clause" of 28 U.S.C. §2255.

## ANALYSIS

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (*per curiam*); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Because the Petitioner's claims relate to the conviction and sentence imposed by a federal district court in West Virginia, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241. Nevertheless, certain language in the fifth paragraph of 28 U.S.C. §2255, commonly called the "savings clause," provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241, if the petitioner establishes that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, subsequently asserted claims of actual innocence.

These claimants, however, were often barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain because of Congress's enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996. The new legislation imposed several statutory restrictions on a prisoners' ability to file habeas petitions under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations and the stringent requirement that a prisoner who has already filed an unsuccessful §2255 motion and who wished to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court. Therefore, from 1996 to the present, prisoners like the Petitioner here have tried to meet the conditions of the savings clause of §2255, so that they may use §2241 to bring a successive or untimely §2255 claim.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit set out the threshold test which a petitioner must meet for a Court to use its §2241 jurisdiction to entertain a challenge to a petitioner's conviction or sentence, which would ordinarily be brought to the trial court pursuant to §2255. Under Sixth Circuit authority, a §2241 petitioner challenging his conviction or sentence must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as did the petitioner in *Martin*.

Based upon this authority, this Court evaluates whether the Petitioner in this case has established both of the requisite pre-conditions so that the Court may use §2241 to weigh his challenges to his convictions and sentence on the merits: *i.e.*, (1) whether he has been barred from filing a §2255 motion to raise an innocence claim; *and* (2) whether he is making a claim of actual innocence based on an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted. Then and only then will this Court be able to address the merits of the innocence claim under 28 U.S.C. §2241.

In the present case, the Court finds that Petitioner Padgett has failed to establish either of these prerequisites. He does not allege that he was denied permission from the appellate court to bring a successive §2255 motion. Likewise, he has not offered any intervening authority which would support a claim of actual innocence of the crime for which he was convicted and sentenced.

*United States v. Booker*, 543 U.S. 220 (2005), decided January 12, 2005, was an intervening Supreme Court case; however, it did not narrowly define the drug crimes of which the petitioner was convicted such that the conduct of the Petitioner is no longer criminal, as is necessary under the holdings of *Charles* and *Martin*. Even were the Court inclined to consider the merits of the Petitioner's *Booker* claim, the United States Court of Appeals for the Sixth Circuit has held that *Booker* is not applicable on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, ____ U.S. ____, 126 S.Ct. 199 (2005). Because the Petitioner is unable to show that the United States Supreme Court has made *Booke*r retroactive to cases already final on direct review, he has not established the first of the two components

necessary in order to demonstrate that his remedy by §2255 is inadequate or ineffective so as to bring the claim *via* §2241.

The definition of actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), with the Supreme Court noting that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24. Under *Bousley*, all of this Petitioner's claims are actually legal ones. Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same). At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant Petitioner may claim to be "innocent . . . only in the technical sense." *Id.* at 609.

The Petitioner has failed to pass the threshold of demonstrating that his remedy *via* a §2255 motion to the trial court is inadequate or ineffective to test the legality of his sentence, *i.e.*, that another motion to bring this late-arriving claim is barred and that he is actually innocent of

criminal conduct under an intervening ruling handed down by the Supreme Court of the United States. Therefore, his petition must be denied and this action must be dismissed.

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)  Petitioner Darrell L. Padgett's motion to proceed *in forma pauperis* is **GRANTED**; however, his petition for writ of habeas corpus is **DENIED**;

(2)  This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 31st day of January, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge